■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEAN AUGUSTAVE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Corriero, J.), rendered October 19, 1984, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The proof adduced at the trial, viewed in a light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), established that the defendant, aided by and acting in concert with two others actually present, forcibly stole cash, jewelry, and other items from the two complainants, and that during the commission of the crime, one of the participants displayed a handgun. The defendant nevertheless contends that the evidence presented was insufficient to establish his guilt beyond a reasonable doubt in view of the contradictory nature of the complainants' accounts, their inability to give any description of the perpetrators and the inconsistent testimony of the arresting officers. This contention is without merit. The jury could properly resolve the discrepancies in the accounts of the crime and subsequent arrest in favor of the

People, and find that the defendant was a participant in the robbery based on the positive identifications made by the complainants following his arrest. We, therefore, find the evidence to be legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

We have previously determined that contrary to the defendant's assertion, the police had probable cause to arrest him and his codefendant (see, People v Motel, 121 AD2d 404).

The defendant's assertion that the trial court erred in submitting to the jury two counts of robbery in the first degree (see, Penal Law § 160.15 [4]) is likewise untenable. The evidence at bar indicated that 4 of the 6 bullets recovered from the gun were inoperable. The remaining two bullets, however, were untested. Since the burden was on the defendant to establish the affirmative defense to the crime (see, Penal Law § 25.00 [2]), and the defense was not proven as a matter of law, it was not error for the trial court to submit these counts to the jury. Lazer, J. P., Mangano, Bracken and Kooper, JJ., concur.